**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DIABLOSPORT, LLC,**

        **Plaintiff,**

-vs-                                              **Case No. 6:05-cv-312-Orl-31DAB**

**GRANATELLI MOTOR SPORTS, INC.,**

        **Defendant.**

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR PARTIAL FINAL JUDGMENT ON THE PLEADINGS (Doc. No. 56)**
>
> **FILED:**        **August 18, 2005**
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED IN PART**.

**I.    Background**

The instant case involves a contract dispute between Plaintiff DiabloSport, LLC ("DiabloSport") and Defendant Granatelli Motor Sports, Inc. ("GMS"). DiabloSport manufactures automotive performance enhancement equipment. On February 11, 2005, DiabloSport sued GMS in state court, alleging violations of various agreements permitting GMS to market and distribute DiabloSport products. (Doc. 2). On March 1, 2005 GMS removed the case to this Court. (Doc. 1).

On March 14, 2005, GMS filed an eight-count counterclaim against DiabloSport. (Doc. 12). DiabloSport now moves for judgment on the pleadings as to two of those eight counts. (Doc. 47).

**II.     Standards**

Judgment on the pleadings is proper when no issues of material fact exist, and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 12(c); *Ortega v. Christian*, 85 F.3d 1521, 1524 (11th Cir. 1996). When reviewing a motion for judgment on the pleadings, the court must accept the facts in the complaint as true and view them in the light most favorable to the nonmoving party. *Swerdloff v. Miami National Bank*, 584 F.2d 54, 57 (5th Cir. 1978).[1]

**III.    Analysis**

GMS removed this case from state court on the basis of diversity jurisdiction (Doc. 1), and therefore this Court must apply the substantive law of the state of Florida. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed.1188 (1938).

**A.     Specific Performance**

In the first count of its counterclaim, titled "Specific Performance/Injunction," GMS asserts that the parties have formed a contract giving it the exclusive right to sell a DiabloSport product called the Predator to national warehouse distributors and jobbers. (Doc. 12 at 12). Contending both that it has "performed all of its obligations" under the contract and that it "stands ready to perform" the contract," GMS seeks to enjoin DiabloSport from "continuing to breach" the contract because no other

---

[1] The Eleventh Circuit adopts as binding precedent all decisions which the former Fifth Circuit made prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981).

suppliers can provide the Predator to GMS to fill its outstanding orders and to satisfy demands for warranty replacement. (Doc. 12 at 13).

Under Florida law, an injunction against the breach of a contract is a negative decree of specific performance of the agreement, and the general rule in such cases is that the court's power to grant such relief is governed by the same rules that govern its power to grant an affirmative decree of specific performance. Fla.Jur.2d *Specific Performance* § 158 (2005). Florida law recognizes the right to specifically enforce a contract for the sale of real property. *See Clement v. Leonard*, 70 So.2d 840, 842 (Fla. 1954). Generally speaking, however, this right is not available for contracts involving personal property, particularly where the court would be required to supervise performance of the contract. *See, e.g., Mayor's Jewelers, Inc. v. State of Cal. Public Employees' Retirement System, Inc.*, 685 So.2d 904, 905 (Fla. 4th DCA 1996). Because the damages resulting from a breach are generally purely economic, the injured party possesses an adequate remedy at law, which precludes the granting of injunctive relief in such cases. *Id.* However, where there is no adequate remedy at law, and where the personal property is of a unique character and value, Florida courts will grant specific performance of a contract involving personal property. *Mangus v. Porter*, 276 So.2d 250, 251 n.1 (Fla. 3d DCA 1973) (contract for sale of 1929 Stutz Town Sedan).

In an attempt to bring this case within that exception, GMS argues that the Predator is a "specific product" that cannot readily be obtained from other manufacturers. (Doc. 56 at 5). GMS also argues that the inability to fills its orders or obtain warranty replacements has harmed its reputation in an amount that is hard to quantify, thereby causing irreparable harm. (Doc. 56 at 5). Despite these arguments, GMS does not allege that the Predator – a commonly available manufactured good – is

"unique" in the same way as the 75-year-old automobile at issue in *Mangus*, or that its value (or the value of GMS's lost goodwill) would be as difficult to calculate. Moreover, a grant of specific performance in this case would require continuing oversight by this court of the parties' various obligations, rather than a one-time transfer of property. The Court therefore concludes that GMS cannot compel DiabloSport to specifically perform any of the agreements at issue in this case.

**B.    Tortious Interference with Business Relations**

In the eighth count of its counterclaim, GMS alleges that DiabloSport contacted certain warehouse distributors, making false statements to them in an attempt to have the warehouse distributors cease doing business with GMS. (Doc. 12 at 21-22). Under Florida law, the elements for a cause of action for tortious interference with an advantageous business relationship are: 1.) the existence of a business relationship under which the claimant has rights; 2.) the defendant's knowledge of the relationship; 3.) an intentional and unjustified interference with the relationship; 4.) by a third party; and 5.) damage to the claimant caused by the interference. *Rudnick v. Sears, Roebuck and Co.*, 358 F.Supp.2d 1201 (S.D.Fla. 2005).

In its memorandum, GMS misconstrues DiabloSport's argument. DiabloSport is not arguing that it was essentially a party to the relationship(s) being interfered with, rather than a third party. (Doc. 56 at 7-8). Rather, DiabloSport argues that the privilege of competition justifies its interference with the relationships between GMS and the warehouse distributors. (Doc. 47 at 17-19).

DiabloSport is correct that Florida law recognizes the right of competitors to compete for customers. *Wackenhut Corp. v. Maimone*, 389 So.2d 656, 657-58 (Fla. 4th DCA 1980). To prevail, however, a defendant must do more than simply claim it was competing. To establish the competition

privilege, a defendant must show that 1.) the relationship concerned a matter involved in the competition between the parties; 2.) the defendant did not employ improper means; 3.) the defendant did not intend to create or continue an illegal restraint of competition; and 4.) the defendant's purpose was at least in part to advance its interest in competing with the plaintiff. *International Sales & Service, Inc. v. Austral Insulated Products, Inc.*, 262 F.3d 1152, 1159 (11th Cir. 2001) (citing *Restatement (Second) of Torts* § 768(1) (1977).

In the instant case, the first element of the privilege is at least arguably established by GMS's allegations that DiabloSport has attempted to sell product to other distributors (Doc. 12 at 11), and GMS makes no allegation regarding restraint of competition. But GMS has alleged that at least in some cases DiabloSport employed improper means (i.e., making false statements) and that the purpose was to get the distributors to stop doing business with GMS (rather than getting them to do business with DiabloSport). (Doc. 12 at 23). At this stage, the Court must accept these allegations as true, and the competition privilege therefore does not protect DiabloSport.

**IV.     Conclusion**

In consideration of the foregoing, the Plaintiff's Motion for Final Partial Judgment on the Pleadings (Doc. 47) is **GRANTED IN PART and DENIED IN PART**. Count One of Defendant's Counterclaim (Doc. 12) is **DISMISSED WITH PREJUDICE**. Otherwise, the motion is denied.

**DONE** and **ORDERED** in Orlando, Florida on October 3, 2005.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties