**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DIABLOSPORT, LLC,**

        **Plaintiff,**

-vs-                                         **Case No. 6:05-cv-312-Orl-31DAB**

**GRANATELLI MOTOR SPORTS, INC.,**

        **Defendant.**
_____

## ORDER

Plaintiff, Diablosport, LLC (Diablosport) has moved for partial summary judgment (Doc. 66), with respect to paragraph 16 of Count I of its Amended Complaint. That allgation seeks a declaration that a portion of the agreement between the parties (paragraph 12 of the October 20, 2003 contract) is unenforceable. Plaintiff essentially contends that with respect to this provision–a mutual non-compete agreement, there was no meeting of the minds, in that this was merely an agreement to agree. Defendant, Granatelli Motor Sports, Inc. (GMS), disagrees and has filed a memorandum in opposition (Doc. 80).

In prior proceedings, this Court concluded that the relationship between these parties was governed by a written agreement dated October 17, 2003. *See* transcript of proceedings on August 11, 2005 at Doc. 57. Now, Plaintiff seeks to nullify paragraph 12 of that contract, which provides:

> 12) GMS and DiabloSport agree to mutual non-compete agreement
> to this effect; GMS may not manufacture or distribute other
> download/flash tuners, or products that compete with DiabloSport
> Predator, or other DiabloSport products with out written consent of

> Diablosport. It *will* also state DiabloSport cannot pursue GMS
> distributors, who were not already DiabloSport distributors prior to
> Feb. 2003. This agreement is to last two years past the end of
> business relations between GMS and DiabloSport.

(Emphasis added.)

While this provision is not a model of clarity, it does suggest that the parties agreed to a mutual non-compete arrangement for a period of two years beyond the termination of their business relationship.[1] During that period, GMS agreed not to compete with Diablosport in the manufacture or distribution of download/flash tuners or products that compete with the Diablosport Predator, or other Diablosport products, without the prior written consent of Diablosport. Conversely, Diablosport agreed not to market its products to GMS distributors, unless they were Diablosport distributors prior to February 2003.[2]

Plaintiff's argument relies upon use of the future tense in the penultimate sentence of paragraph 12 to assert that the parties had not yet reached agreement in this regard. Use of the verb "will" is indeed curious; perhaps creating an ambiguity. But there is nothing else in this provision, or the contract itself, to suggest that the parties had not reached a meeting of the minds regarding the essential terms of their business relationship. Thus, the Court cannot conclude, as a matter of law, that this provision is unenforceable. Accordingly, it is

---

[1] This was a two-year contract, expiring November 1, 2005. Thus, the non-compete provision by its terms would expire November 1, 2007.

[2] The first contract between the parties was dated February 17, 2003.

-2-

-3-

**ORDERED** that Plaintiff's Motion for Partial Summary Judgment is DENIED.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 14, 2005.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party